UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**JOSEPH POLIANDRO, Plaintiff,**

Civil Action: _____

v.

**WRIGHT NATIONAL FLOOD
INSURANCE COMPANY,**

 Defendant,

_____/

## COMPLAINT

COMES NOW THE Plaintiff, **JOSEPH POLIANDRO**, ("Plaintiff" or "Insured"), by and through undersigned counsel, who file this Complaint, with all allegations made upon present information and belief, against Defendant, **WRIGHT NATIONAL FLOOD INSURANCE COMPANY,** ("Defendant" or "Insurer"), on the grounds set forth below:

## JURISDICTION

1. This action arises under the National Flood Insurance Act, as amended, 82 Stat. 582, 42 U.S.C. Section 4001, et seq., pursuant to the insurance contract issued to the Plaintiff by Defendant, as hereinafter more fully appears. This action, having arisen under an applicable federal statute, namely 42 U.S.C. Section 4072, requires the application of federal law pursuant to the general federal jurisdiction provisions of 28 U.S.C. Section 1331.

## VENUE

2. The property made the basis of this action is located at 27650 Imperial Shores Blvd., Bonita Springs, FL 34134 (hereinafter referred to as the "Insured Property"). The insured property is situated in the Middle District of Florida, Fort Myers Division, and venue is proper in this Court pursuant to 42 U.S.C. Section 4072 and 44 C.F.R. Pt. 61, App. A(1), Article VII(R).

## PARTIES

3. Plaintiff ("Plaintiff" or "Insured"), **JOSEPH POLIANDRO**, was, and still is, the owner of the Insured Property at all times material to the allegations set forth in the Complaint.

4. Defendant, **WRIGHT NATIONAL FLOOD INSURANCE COMPANY** ("Defendant" or "Insurer"), was and is a private flood insurance company which is qualified to do business in the State of Florida. Defendant issued a Private Flood Insurance Policy (PFIP) to the Plaintiff. Pursuant to 44 C.F.R. Section 62.23(d) and (i)(6), Defendant is responsible for arranging the adjustment, settlement, payment, and defense of all claims arising under the Policy, including this one.

## FACTUAL ALLEGATIONS

5. Defendant issued an insurance policy to Plaintiff, namely, Policy No. 091152087108 01 ("Policy"), whereby Defendant agreed to pay the Plaintiff for direct physical loss to the Insured Property caused by or from a "flood" as defined by the Policy. (A true and correct copy of the Policy is attached herein as **Exhibit "A"**).

6. Plaintiff dutifully paid the premiums charged by Defendant for the coverages afforded pursuant to the terms of the Policy and the Policy was in full force effect on the date of loss.

7. On or about September 28, 2022, the date of loss, the aforementioned Insured Property sustained damage as a result of a covered peril, namely flooding, from Hurricane Ian, which caused substantial property damage and further insured losses.

8. The purportedly covered damages were thoroughly documented by the experts retained by the Plaintiff, with supporting documentation, including specifications of the damaged dwelling and detailed, accurate repair estimates, were submitted to Defendant.

9. Plaintiff submitted a claim, Defendant acknowledged the claim, opened coverage, and assigned Claim Number 22 0013437 to the claim/loss.

10. Damage, as a result of a flood, was or should have been, if properly evaluated, a covered cause of loss pursuant to the terms and conditions of the Policy so issued.

11. The Proof of Loss detailing the losses was received by Defendant in compliance with the terms of the Policy.

12. Despite multiple attempts by Plaintiff to move the claim toward resolution, Defendant has repeatedly failed honor its Policy obligations and failed to indemnify Plaintiff for the loses sustained.

## COUNT I - BREACH OF INSURANCE CONTRACT

13. Plaintiff adopts and incorporates into this Count, as if fully rewritten herein, all of the allegations set forth in the above paragraphs.

14. Damage, as a result of a flood, was a covered cause of loss pursuant to the terms and conditions of the insurance policy issued by Defendant.

15. Plaintiff submitted a timely claim to Defendant for the alleged damages and have met all conditions precedent to the filing of a lawsuit, or all conditions precedent have been waived by Defendant.

16. Plaintiff submitted a factually detailed estimate of the damages and a sworn statement in Proof of loss, outlining a dispute as to the proper actual cash value.

17. Defendant has breached its insurance contract with Plaintiff by denying or constructively denying Plaintiff's claims for damages.

18. Defendant has breached its insurance contract with Plaintiff by failing and refusing to tender all insurance proceeds due and owing because of the purportedly covered loss.

19. Defendant has further breached its insurance contract with Plaintiff by failing and refusing to properly and fairly adjust all losses with its insured as required by the Policy.

20. As a result of Defendant's breach of insurance contract, as alleged herein, and also as will be demonstrated in discovery, Plaintiff has been deprived of the full coverage and other benefits afforded under the Policy.

WHEREFORE, Plaintiff, **JOSEPH POLIANDRO,** prays that after due proceedings are heard, that this Honorable Court enter Judgment in favor of Plaintiff and against the Defendant, **WRIGHT NATIONAL FLOOD INSURANCE COMPANY** for all amounts for damages to which it is entitled due to Defendant's breach of the insurance contract, and for such other costs, expenses, and other relief that this Honorable Court may deem to be in accordance with the applicable law, and as may be just and proper.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 25, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day upon all counsel of record or pro se parties identified in the following Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

**VishioForry Insurance Lawyers**

*/s/ Rameez Dossani, Esq.*
Rameez Dossani, Esq.
Fla. Bar 1008030
*Attorney for Plaintiff*
1112 Goodlette-Frank Road, Suite 204,
Naples, Florida 34102
(239) 703-7210
(239) 900-1993 (Fax)
service@vishioforry.com
rdossani@vishioforry.com
aclemont@vishioforry.com